**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF NAVY, DONALD RUMSFELD, in his capacity as the SECRETARY OF DEFENSE, and GEORGE ENGLAND, in his capacity as SECRETARY of the UNITED STATES DEPARTMENT OF THE NAVY,<br><br>Defendants. | C.A. No. 03-599T<br>Hon. Ernest C. Torres<br>Chief Judge |

**JOINT MOTION TO**
**MODIFY PRETRIAL ORDER**

Now come Plaintiff State of Rhode Island ("State") and Defendant United States of America ("United States") jointly to request that the Court modify its June 22, 2004, Pretrial Order, as amended, to set November 29, 2005 as the Closure Date.[1] In support of their motion, the parties state as follows:

1. The instant case is an action by the State to recover under, inter alia, the Comprehensive Environmental Response,

---

[1/] In light of the instant joint motion, the United States herein withdraws its May 26, 2005, Motion to Modify Pretrial Order.

Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), damages for alleged injuries to natural resources. The State alleges that natural resources (namely, a clam fishery, certain wetland areas and groundwater) were harmed by releases of hazardous substances from the Department of the Navy's Allen Harbor Landfill, a tract of land that abuts the body of water known as Allen Harbor and which is part of the Navy's former Naval Construction Battalion Center ("NCBC") Davisville, in North Kingstown, Rhode Island.

2. This case is related to litigation concerning another area of the NCBC, known as Calf Pasture Point, as to which the State also brought a lawsuit against the United States under CERCLA. The parties have litigated and engaged in settlement discussions in the Calf Pasture Point case, C.A. No. 03-206T, simultaneous with their efforts in the instant case.

3. Following a mandatory settlement conference in this matter on June 17, 2004, before Magistrate Judge Lovegreen, but during which settlement issues in the Calf Pasture Point case were also discussed, the Court entered a Pretrial Order in this case on June 22, 2004. The Pretrial Order established as the Closure Date for discovery in this case April 1, 2005. That date was extended until June 24, 2005, by the Court's order of February 22, 2005, which granted the State's February

14, 2005, unopposed motion for an extension of the discovery deadline.[2]

4. Since the mandatory settlement conference, the parties have engaged in complex and extensive settlement negotiations in both the Calf Pasture Point case and this case. The parties reached an agreement in principle to settle the Calf Pasture Point case and negotiated a proposed Consent Decree. The parties are currently securing required approvals to enter into the settlement and anticipate that they will move the Court to enter the proposed Consent Decree in the coming weeks. Resolution of the Calf Pasture Point case entailed substantial effort from the same counsel litigating the instant action for both parties, as well as a number of the same technical personnel and consultants that are involved in the present case.

5. With regard to the present case, the parties' settlement, discovery, and litigation efforts have been extensive, including the informal exchange of data and technical evaluations, teleconferences, in-person settlement

---

[2/] In its order, the Court noted that "no further extensions will be granted." The parties are mindful of the Court's directive and only reluctantly seek to modify the Pretrial Order. Additionally, the parties believe that the instant motion establishes good cause to modify the Pretrial Order as requested.

conferences, and frequent written correspondence. This case presents complex legal and factual issues, necessitating sophisticated technical analysis on a number of topics. Accordingly, both parties have required the assistance of numerous consulting experts in what has turned out to be time-consuming settlement negotiations that have diverted important resources that would otherwise have been available for discovery tasks in this case.

6. The parties have nevertheless accomplished a great deal on the discovery front since entry of the Pretrial Order. The parties have served upon each other interrogatories, requests for production of documents and requests to admit. The parties have also begun to coordinate numerous fact witness depositions. The parties also anticipate that supplemental written fact discovery will be necessary. As such, and despite best efforts, it will be difficult for the parties to complete fact discovery by the current Closure Date of June 24, 2005.

7. As this case has evolved, it is now apparent that expert witness testimony will be more substantial than originally perceived, likely consisting of testimony from a total of 10-15 expert witnesses. As required by Fed. R. Civ. P. 26(a)(2)(B), the parties must submit a written report for

each such expert. Additionally, as is typical, the parties will likely depose any expert who has submitted a Rule 26 report. However, such deposition can be conducted only after receipt of the Rule 26 report. Fed. R. Civ. P. 26(b)(4)(A).

8. The parties have not yet exchanged Rule 26 expert reports and, consequently, have not served deposition notices for expert witnesses. Given that status, the parties will not be able to complete expert discovery prior to the current June 24, 2005, Closure Date. Even though the parties can stipulate to continue discovery after the Closure Date, see Pretrial Order at ¶ 2, the 60 days currently allotted in the Pretrial Order will be insufficient time to conduct expert discovery of this magnitude while also completing the remaining fact discovery and preparing the required pretrial filings. For instance, with regard to expert depositions alone, given the significant number of anticipated expert witnesses, the parties believe that they will require eight weeks to review the expert reports, including any rebuttal reports, and depose those expert witnesses.

9. As so many significant tasks remain to be completed, the parties request that the Court modify the Pretrial Order and set November 29, 2005, as the new Closure Date.

10. To ensure that the expert-related tasks are

completed efficiently and expeditiously, the parties herein stipulate to the following format and schedule for expert discovery:

| ***Event*** | ***Deadline*** |
|---|---|
| Mutual exchange of preliminary expert disclosures[3] | July 8, 2005 |
| Service of Plaintiff's and Defendant's Rule 26 Expert Disclosures[4] | August 12, 2005 |
| Service of Plaintiff's and Defendant's Rule 26 Rebuttal Expert Disclosures (if any) | September 19, 2005 |
| Completion of Depositions of Plaintiff's and Defendant's Expert Witnesses | November 14, 2005 |
| Closure Date and motions deadline (per Pretrial Order, ¶ 4) | November 29, 2005 |

11. District courts have broad discretionary power to manage their docket, including the schedule for and extent of pretrial discovery. See, e.g., Poulin v. Greer, 18 F.3d 979, 986 (1st Cir. 1994); see also Fed. R. Civ. P. 16(b) (pre-trial schedule can be modified upon showing of good cause); Fed. R. Civ. P. 6(b) (enlargement of deadlines permissible where cause

---

3/ Preliminary expert disclosures for each party includes the identification of all experts *realistically* anticipated by that party to testify at trial; a *meaningful, substantive description* of the topics of their testimony; and a general description of the sources of data and information upon which they will rely.

4/ The parties further stipulate that expert reports, including rebuttal reports, will be served by overnight delivery service and by e-mail on the dates indicated herein.

shown).

12. Good cause exists for the Court to grant the relief requested in this motion. The requested extension is of a reasonable duration, represents the minimum amount of time in which the parties believe they can complete discovery, appropriately acknowledges the complexity of the issues presented in this case and the extent of expert discovery, and is sought by both parties. The extended Closure Date, together with the parties' stipulated format and schedule for expert discovery, will promote the efficient and expeditious conduct of both fact and expert discovery and, with the benefit of completed discovery, allow the parties adequate time to prepare motions that may narrow the issues remaining for trial.

13. Additionally, absent an extension, the parties will effectively be unable to pursue simultaneously pre-trial discovery and substantive settlement discussions. Thus, the extension requested herein is also likely to enhance the prospects for settlement.

For the foregoing reasons, the Court should grant the parties' joint motion and extend the Closure Date until and including November 29, 2005.

Respectfully submitted,

**For the United States:**

Dated: June 10, 2005

LAUREL A. BEDIG
DAVID S. GUALTIERI
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
Tel: (202) 305-0331
Fax: (202) 514-8865

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 709-5000

OF COUNSEL:

Mary Raivel
Navy Litigation Office
Office of the General Counsel
720 Kennon Street SE
Washington Navy Yard
Washington, DC 20374-5013

For the State of Rhode Island:

| | |
|---|---|
| Dated: June 10, 2005 | Tricia K. Jedele<br>Amy Vignali Coleman<br>Special Assistants Attorney General<br>Rhode Island Department of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>Tel: (401) 274-4400 ext. 2400<br>Fax: (401)222-3016 |