**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF THE NAVY, DONALD RUMSFELD, in his capacity the Secretary of Defense, and GEORGE ENGLAND, in his capacity as Secretary of the United States Department of the Navy,<br><br>Defendants. | C.A. No. 03-599T<br>Hon. Ernest C. Torres<br>Chief Judge |

**UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT WITNESSES**

NOW COMES Defendant United States of America ("United States") and requests that the Court, on the grounds stated in the accompanying Memorandum in Support, issue a Protective Order quashing all notices of deposition and subpoenas for deposition issued by the Plaintiff after the June 24, 2005, discovery Closure Date in this case pursuant to Paragraphs 1 and 2 of the Pretrial Order in this case and Fed. R. Civ. P. 30. The United States also requests that the Court issue an Order instructing the Parties to conduct the 30(b)(6) deposition noticed by the United States prior to the June 24, 2005 Closure Date on or before the later of October 8, 2005, or three weeks prior to the date the Parties are placed on the trial calendar. The United States

further requests that the Court issue and Order instructing the Parties to schedule the depositions of all expert and rebuttal expert witnesses (a) on dates prior to October 17, 2005, that are acceptable to the witnesses, and (b) in locations deemed reasonably convenient by the witnesses.

Dated: September 22, 2005

Respectfully submitted,

For the United States

LAUREL A. BEDIG
HEATHER E. GANGE
MATTHEW R. OAKES
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
Tel: (202) 305-0331
Fax: (202) 514-8865

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island
MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 709-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September 2005, I caused a copy of the foregoing UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT DEPOSITIONS and MEMORANDUM IN SUPPORT To be served by Federal Express, postage prepaid, to the following:

Tricia K. Jedele
Anne T. Turilli
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903

Courtesy copies were transmitted by electronic mail to:

Tjedele@riag.ri.gov
Aturilli@riag.ri.gov

Nancy A DiDumzo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS,

Plaintiff,

v.

UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF THE NAVY, DONALD RUMSFELD, in his capacity the Secretary of Defense, and GEORGE ENGLAND, in his capacity as Secretary of the United States Department of the Navy,

Defendants.

C.A. No. 03-599T
Hon. Ernest C. Torres
Chief Judge

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT DEPOSITIONS**

In the accompanying Emergency Motion, the United States seeks a Protective Order quashing deposition notices and subpoenas issued by the Plaintiff after the discovery Closure Date in this case. The United States further requests that the Court instruct the Parties regarding the scheduling of expert depositions.

## I. BACKGROUND

1. This suit was filed on December 19, 2003, seeking future CERCLA response costs and compensation for alleged damages to natural resources attributable to the Allen Harbor Landfill in North Kingstown, Rhode Island. The Parties expect that this suit will be placed on the October 18, 2005, or the November 15, 2005, trial calendar.

2. The Pretrial Order issued by the Court on June 22, 2004, specified that "[d]iscovery in this case shall be closed as of April 1, 2005", and that "[o]n or before the Closure Date, . . . all depositions and other discovery must be completed. . . . No discovery may be conducted after the Closure Date <u>except</u> by agreement of all counsel or by order of the Court." Pretrial Order, ¶¶ 1, 2 (emphasis in original). The Court later extended the Closure Date to June 24, 2005.

3. Prior to June 24, 2005, the United States noticed six fact depositions, including a deposition of the State of Rhode Island pursuant to Fed. R. Civ. P. 30(b)(6). The State of Rhode Island did not notice any fact witness depositions prior to June 24, 2005.[1/]

4. On June 10, 2005, the Parties jointly moved the Court to modify the Pretrial Order and for a further extension of the Closure Date. That motion was denied on August 9, 2005.

## II. <u>Post-Closure Date Discovery Negotiations</u>

5. Written discovery was conducted while the joint motion was pending, and the United States conducted four fact

---

[1/] Prior to the Closure Date, the State of Rhode Island transmitted a notice of a Fed. R. Civ. P. 30(b)(6) deposition of the United States, which listed index numbers corresponding to documents already produced by the United States. The State also failed to designate any matters or areas of inquiry, much less do so with reasonable particularity, as required by Fed. R. Civ. P. 30(b)(6). <u>See</u> excerpt, Exhibit A hereto. The United States therefore notified the State of Rhode Island that it considered the notice invalid.

depositions. By subsequent agreement of all counsel, the State of Rhode Island has conducted three fact witness depositions, and the United States has conducted one additional fact witness deposition which was noticed prior to the Closure Date. By agreement of the Parties, expert witnesses were designated on July 8, 2005, and their reports were exchanged on September 2, 2005. By further agreement of the Parties, rebuttal expert reports will be exchanged on a rolling basis no later than September 30, 2005, or two business days prior to each expert's deposition date, whichever is earlier.

6. Despite numerous and protracted negotiations, the Parties have not been able to agree upon dates or locations for the Fed. R. Civ. P. 30(b)(6) deposition timely served by the United States or for additional depositions of individual fact witnesses noticed after June 24, 2005.

**A. *Timely-Noticed United States 30(b)(6) Deposition***

7. The United States urgently requires the 30(b)(6) deposition that it noticed prior to the Closure Date in order to obtain binding testimony with respect to disputed fact issues, and to resolve conflicting factual statements and policy positions articulated both by Rhode Island's already-deposed fact witnesses and in Rhode Island's written discovery responses. The United States has twice reissued the notice without substantive change in the course of negotiations to schedule the deposition.

B. ***Untimely Fact Deposition Notices and Subpoenas***

8. While the Parties had tentatively agreed to a limit of 15 depositions per side (including individual fact and expert witnesses), that tentative agreement was based upon a specific list of proposed individual fact witnesses from which the State of Rhode Island would have to remove names in order to comply with a 15-deposition limit. By 5:00 pm on September 19, 2005, despite repeated requests from the United States, the State of Rhode Island had not confirmed the identity of the fact witnesses from that list that it desired to depose, thus preventing the Parties from agreeing on specific witnesses, dates or locations.

C. ***Untimely Fed. R. Civ. P. 30(b)(6) Notices and Subpoenas***

9. After 5:00 pm on September 19, 2005, the State of Rhode Island transmitted notices of deposition and subpoenas pursuant to Fed. R. Civ. P. 30(b)(6) for three United States government agencies and for two companies which had been contracted to the United States government during the investigation and remedy of the Allen Harbor Landfill. The first of these depositions is noticed for 9:00 am on Monday, **September 26, 2005**. See Exhibit B hereto.[2/] The State of Rhode Island had not previously

---

[2/] The remaining 30(b)(6) depositions are noticed for September 30, 2005, October 3, 2005, October 4, 2005, October 13, 2005. The Certificate of Service for the September 26, 2005 notice, and the remaining notices are the subject of the United States' contemporaneously-filed Motion for Leave to File Additional Exhibits to Emergency Motion.

identified these entities as potential deponents, and had not proposed any Fed. R. Civ. P. 30(b)(6) depositions during discussions regarding the proposed 15-deposition limit.

10. The United States would not have agreed to consider any 30(b)(6) depositions at this late date in the case, even if the State had asked. Rule 30(b)(6) imposes a substantial burden on deponents to designate and prepare witnesses to give knowledgeable and binding answers regarding the noticed deposition topics, even as to matters for which they do not have personal knowledge or involvement.[3] That burden would be exceptionally heavy in this case, because each of the notices and/or subpoenas would impose upon the United States and its contractors by September 23, 2005, the substantial burden of (1) designating and preparing witnesses to testify to an extremely broad range of scientifically complex issues reaching back to the early 1970s,[4] and (2) assembling sets of requested documents that altogether encompass nearly every document generated with

---

[3] Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D.Neb. 1995); Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989); Buycks-Roberson v. Citibank Federal Sav. Bank, 162 F.R.D. 338, 343 (N.D.Ill. 1995); SEC v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992). United States v. Taylor, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996).

[4] The Rule 30(b)(6) requirement to provide designees as to all matters known or reasonably available regarding noticed topics implicitly requires designees to review all matters known or reasonably available to the deponent. Taylor, 166 F.R.D. at 362; Paul Revere Life Ins. Co. v. Jafari, 206 F.R.D. 126 (D.Md.2002).

respect to the Allen Harbor Landfill from its opening in 1942 until the present. Most of the groups of documents identified in the notices were not requested in Rhode Island's interrogatories and document requests, and the United States will not agree to an untimely request to locate and produce them. The United States therefore does not agree to the deposition of those 30(b)(6) witnesses, and those notices should be quashed pursuant to Paragraphs 1 and 2 of the Pretrial Order and Fed. R. Civ. P. 30.[5]

D. ***Expert Deposition Notices***

11. By September 16, 2005, the United States had provided the State of Rhode Island with a list of acceptable dates and locations for depositions of the United States' expert witnesses, and notified Rhode Island of dates on which its experts could not be available. After 5:00 pm on September 19, 2005, the State of Rhode Island transmitted notices of deposition for five United States expert witnesses,[6] identifying dates on which Rhode Island's counsel previously had been informed that those experts

---

[5] The United States will consent to withdraw all of its outstanding notices of fact deposition, except its timely 30(b)(6) deposition notice, in the event that this relief is granted.

[6] Those witnesses are: John Connelly, PhD, PE, located in Montvale, New Jersey; Kenneth Finkelstein, PhD, located in Boston, Massachusetts; Gary Chirlin, PhD, located in Bethesda, Maryland; Robert Unsworth, MFS, located in Cambridge, Massachusetts; and Charles Peterson, PhD, located in Morehead City, South Carolina.

were not available. See Exhibit B. Those notices also specified Providence, Rhode Island as the location for four of the five depositions, notwithstanding that Rhode Island counsel had been informed that two of the five witnesses were not available to be deposed in that location prior to October 18, 2005. The United States therefore does not agree to the deposition of those expert witnesses as noticed by the State of Rhode Island, and requests that those notices be quashed pursuant to Paragraphs 1 and 2 of the Pretrial Order and Fed. R. Civ. P. 30. The United States would, however, agree to the deposition of its expert and rebuttal expert witnesses in locations convenient to those witnesses on dates for which they are reasonably available, on the condition that the United States be permitted to depose the State of Rhode Island's expert and rebuttal expert witnesses on dates prior to October 17, 2005, and in locations convenient to those witnesses.[7]

**III. The Parties' Conferences Regarding This Motion**

12. The Parties conferred on September 21, 2005, regarding this motion and the relief requested herein, and the State of Rhode Island has expressed its intention to oppose the relief requested. The United States particularly requested that Rhode Island agree to narrow the issues presented to the Court by

---

[7] The United States will consent to withdraw all of its outstanding notices of expert deposition in the event that this relief is granted.

agreeing that each party can depose the others' experts, but Rhode Island refused to so agree.

WHEREFORE, the Court should issue an Order pursuant to Fed. R. Civ. P. 30 and Paragraphs 1 and 2 of Pretrial Order (1) quashing all outstanding subpoenas and notices of deposition issued by the State of Rhode Island after June 24, 2005, as untimely, and additionally quashing those issued on September 19, 2005 on the grounds that they are improper; (2) instructing the Parties to conduct the 30(b)(6) deposition noticed by the United States on or before the later of October 8, 2005, or three weeks prior to the date the Parties are placed on the trial calendar; and (3) instructing the Parties to schedule the depositions of all expert and rebuttal expert witnesses (a) on dates prior to October 17, 2005, that are acceptable to the witnesses and (b) in locations deemed reasonably convenient by the witnesses.

Dated: September 22, 2005

Respectfully submitted,

For the United States

LAUREL A. BEDIG
HEATHER E. GANGE
MATTHEW R. OAKES
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
Tel: (202) 305-0331
Fax: (202) 514-8865

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island
MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 709-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September 2005, I caused a copy of the foregoing UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT DEPOSITIONS and MEMORANDUM IN SUPPORT To be served by Federal Express, postage prepaid, to the following:

Tricia K. Jedele
Anne T. Turilli
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903

Courtesy copies were transmitted by electronic mail to:

Tjedele@riag.ri.gov
Aturilli@riag.ri.gov

Nancy A DeQuenzio

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF THE NAVY, DONALD RUMSFELD, in his capacity the Secretary of Defense, and GEORGE ENGLAND, in his capacity as Secretary of the United States Department of the Navy,<br>Defendants. | C.A. No. 03-599T<br>Hon. Ernest C. Torres<br>Chief Judge |

**UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT DEPOSITIONS**

# EXHIBIT A

Department of Defense ("DOD"), the United States Environmental Protection Agency ("EPA"), the United States Department of the Interior ("DOI"), the United States Department of the Navy (the "Navy"), and any other agency, department or organization the United States of America, TRC Environmental Consultants, Inc., and EA Engineering, Inc.

**DOCUMENTS FOR EXAMINATION**

2101A; 2101B; 2102; 2201; 2202A; 2202B; 2203; 2203c; 2204; 2205A; 2205B; 2206; 2208; 2301; 2305; 2402a; 2504; 2505; 2506; 2506a; 2506b; 2506c; 2507; 2507a; 2507b; 2508; 2509; 2701; 2701A; 2701B; 2702; 3202; 3301 through and including 3317; 4210; 4210a; 4210b; and 6100.

Respectfully submitted,

PATRICK C. LYNCH

Attorney General for the
STATE OF RHODE ISLAND

By: Tricia K. Jedele
Tricia K. Jedele
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Ext. 2400
Fax: (401) 222-3016

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 03-599T |
| UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF THE NAVY, DONALD RUMSFELD, in his capacity the Secretary of Defense, and GEORGE ENGLAND, in his capacity as Secretary of the United States Department of the Navy, | ) | Hon. Ernest C. Torres Chief Judge |
| Defendants. | ) | |

**UNITED STATES' EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS AND NOTICES OF DEPOSITION AND REQUESTING INSTRUCTION REGARDING EXPERT DEPOSITIONS**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 03-599T** |
| **UNITED STATES OF AMERICA, ET AL.,** | : | |
| **Defendants.** | : | |

TO: United States Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W. (2310A)
Washington, DC 20460

**NOTICE TO TAKE DEPOSITION AND PRODUCTION OF RECORDS OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b) (6)**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b) (6), Plaintiff, the State of Rhode Island (the "State"), will take the deposition upon oral examination of the United States Environmental Protection Agency (hereinafter the "United States"), by a person or persons designated by the United States as having the most knowledge of the matters listed below, and will require the production of the records listed below.

The State will take the deposition upon oral examination of the designated individual or individuals **on September 26, 2005, at 9:00 a.m.** at the Rhode Island Department of Attorney General 150 South Main Street, Providence, Rhode Island 02903, before an official United States Court Reporter or before some other person authorized by law to take depositions. This deposition will continue from day to day thereafter until completed, Sundays and holidays

excepted, or as otherwise agreed by counsel for the parties.

**DEFINITIONS**

The Definitions set forth in the States First Set of Interrogatories and Requests for Production of Documents are incorporated herein by reference. Additional terms are defined as follows:

"Parcel 10" means that parcel of land containing 21.8 acres more or less as described in the Quitclaim Deed transferring the property from the United States to the Town of North Kingstown on June 8, 2004, and as recorded at the Office of Town Clerk, Town of North Kingstown, RI.

"Site 09," a/k/a "Allen Harbor Landfill" and/or "the Site," is the approximately 15 acre tract of land, formerly used by NCBC Davisville as a landfill, found on Parcel 10.

"EPA" as used below is the United States Environmental Protection Agency.

Unless otherwise specified, terms used herein shall have the meaning ascribed to them under CERCLA, 42 U.S.C. §§ 9601-75, and Department of the Interior Regulations for Natural Resource Damages, 43 C.F.R., part 11.

**INSTRUCTIONS**

As required by Rule 30(b) (6), in response to this deposition notice, you have a duty to designate one or more persons employed, or formerly employed by the United States to testify on behalf of the United States as the person most knowledgeable about the documents contained on the list below. The United States should make every effort to provide the authors of the documents listed below for examination or designate an individual who can testify as to the authenticity of the documents and their contents.

The documents may be referenced by the identification number associated with each

document as found on the compact disks created by the United States on November 28, 2000, entitled FINAL Administrative Record Index For Site 09-Allen Harbor Landfill September 1997, Disks 1 of 2 and 2 of 2. If the United States requires clarification before a person can be designated, please contact counsel for the State.

**MATTERS FOR EXAMINATION**

1. the review, analysis, conclusions and recommendations of EPA and its hydrogeologist, William Brandon, relating to the Site, including all hydrogeological data reviewed, all hydrogeological assessments, analyses, comments and reports, and all conclusions and recommendations concerning the geology of the Site and the occurrence, distribution, effect and movement of the ground water at and from the Site.
2. EPA's comments relating to the Site.
3. EPA's role relating to the Site.
4. EPA's relationship to the United States and/or any agencies of the United States in relation to the Site.
5. EPA's analysis of data and information concerning contamination at and/or from the Site.
6. EPA's assessment of risks at, near and from the Site.
7. EPA's remedial investigation of the Site.
8. The advice, conclusions and recommendations of EPA concerning the Site and the selection of remedy for the Site.
9. The creation, authenticity, and content of all documents created by EPA relating

to the Site, including, but not limited to, all studies, reports and comments; and whether, as to each such record, it was kept in the regular course of business, made or transmitted by a person with knowledge of the acts or events appearing on it, and was made at or near the time of the acts or events appearing on it.

10. All documents, including studies, reports and comments, reviewed and/or prepared by EPA relating to the Site.

11. All electronic mail, LAN messages or the like, correspondence, electronic data, graphic or electronic images, or any other electronic or written communication, relating to the Site, either received or sent by EPA, its agents or assigns.

12. All matters contained in the documents being produced in response to Exhibit A to the subpoena for records the State will be serving on EPA.

Respectfully submitted,

PATRICK C. LYNCH

Attorney General for the
STATE OF RHODE ISLAND

By: ______________________
Anne T. Turilli, (No. 5502)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Ext. 2355
Fax: (401) 222-2995