UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| | : | |
| v. | : | C.A. No. 03-599T |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | |

**MEMORANDUM AND ORDER**

This is an environmental action brought by the State of Rhode Island under CERCLA, 42 U.S.C. § 9607(a). The State alleges damage to its natural resources from the release of hazardous substances from the U.S. Department of the Navy's Allen Harbor Landfill located in North Kingstown, Rhode Island. The action was filed by the State on December 19, 2003 and an initial discovery closure date of April 1, 2005 was set by Chief Judge Torres. On February 22, 2005, Chief Judge Torres extended the discovery closure date at the State's request until June 24, 2005 and advised that no further extensions would be granted. A subsequent joint motion to extend the discovery closure date to November 29, 2005 was denied by Chief Judge Torres although he did grant a joint motion to extend the deadline for filing pretrial memoranda to September 23, 2005.

As the parties know, Chief Judge Torres' Pretrial Order prohibits discovery after the closure date "except by agreement of all counsel or by order of the Court." There is no Court order in this matter permitting post-closure discovery, and Chief Judge Torres has plainly expressed in his prior Orders that discovery closed in this case on June 24, 2005, at least as far as the Court was concerned. The parties apparently have attempted, without success, to conduct post-closure discovery "by agreement."

The parties' "agreement" regarding post-closure discovery has apparently fallen apart, and several "emergency" motions have been filed with the Court and referred to me for determination. 28 U.S.C. 636(b)(1)(A); Local R. 32(b). Pending are Defendants' Emergency Motion for Protective Order Quashing Subpoenas and Notices of Deposition and Requesting Instruction Regarding Expert Witnesses (Document No. 19), and Plaintiff's Emergency Motions to Compel Attendance at Depositions (Document No. 23) and to Quash Defendants' Rule 30(b)(6) Notice of Deposition (Document No. 22). A telephone conference was held with counsel for both parties on September 26, 2005.

After reviewing the parties' memoranda and considering the information obtained in the telephone conference, this Court concludes that the parties' emergency, if any, is self-made and not the result of any unavoidable external factors. While an agreement to conduct post-closure discovery is permitted under Chief Judge Torres' Pretrial Order, it has some attendant risk if the agreement falls apart. This Court does not believe that Chief Judge Torres contemplated that the Court would be in the business of refereeing disputes about the terms of, and compliance with, any agreements made by the parties regarding post-closure discovery. As to the substance of the parties' Motions, this Court is unwilling to referee the parties' dispute about the terms of their post-closure agreement on discovery and the claims that one side or the other has reneged on its agreement. To do so would drag this Court into a morass of analyzing emails, correspondence and other communications between professionals that has nothing to do with the substance of the parties' dispute under CERCLA, and would be a waste of judicial resources. Moreover, the relief requested by the parties would require this Court to contradict Chief Judge Torres' prior statement that no further discovery

extensions would be granted and reverse his prior Order denying a joint request to extend discovery. This Court will not do so.

For the foregoing reasons, Defendants' Emergency Motion (Document No. 19) and Plaintiff's Emergency Motions (Document Nos. 22 and 23) are DENIED. This Court also notes that neither parties' Motions are accompanied by a good faith "certification" as required by the Rules. See Fed. R. Civ. P. 26(c) and 37(a)(2).

SO ORDERED.

LINCOLN D. ALMOND
United States Magistrate Judge
September 27, 2005