**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES OF AMERICA, ET AL.,**<br>**Defendants.** | **C.A. No. 03-599T** |

**PLAINTIFF STATE OF RHODE ISLAND'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEFENDANTS' RULE(30)(b)(6) NOTICE OF DEPOSITION**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff, State of Rhode Island, hereby moves for a protective order and to quash Defendants' Rule 30(b)(6) Notice of Deposition. In support hereof, Plaintiff relies on the accompanying memorandum of law.

WHEREFORE, Plaintiff respectfully seeks an Order of protection quashing Defendants' Rule 30(b)(6) Notice of Deposition.

FOR THE STATE OF RHODE ISLAND

PATRICK C. LYNCH
ATTORNEY GENERAL

By: [signature]
TRICIA K. JEDELE (#5958)
ANNE TURILLI (#5502)
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, ext. 2400
Fax: (401) 222-3016

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document was mailed, postage prepaid on this 27th day of September, 2005 to:

Laurel A. Bedig, Esq.
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Suite 8000
Washington, DC 20026-3986

Mary Raivel, Esq.
Navy Litigation Office
Office of the General Counsel
720 Kennon Street SE
Washington Navy Yard
DC 20374-5013

Michael P. Iannotti, Esq.
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Matthew R. Oakes
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Heather E. Gange
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

[signature]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND,** | |
| **Plaintiff,** | |
| **v.** | **C.A. No. 03-599T** |
| **UNITED STATES OF AMERICA, ET AL.,** | |
| **Defendants.** | |

**RULE 37 CERTIFICATION**

I hereby certify that I have conferred via electronic communications, letters and telephone calls with Defendants' counsel on the respective dates set forth in the papers filed by the State in an attempt to resolve the discovery disputes, which are now the subject of two motions -- the Plaintiff State of Rhode Island's Emergency Motion To Compel Attendance At 15 Depositions Pursuant to the Parties' Agreement and the Plaintiff State of Rhode Island's Emergency Motion To Quash Defendants' Rule 30(b)(6) Notice of Deposition -- and have been unsuccessful in obtaining a resolution with Defendants' counsel.

Tricia K. Jedele (#5958)
Special Assistant Attorney General

FOR THE STATE OF RHODE ISLAND

PATRICK C. LYNCH
ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document was mailed, regular mail, postage prepaid on this 27th day of September, 2005 to:

Laurel A. Bedig, Esq.
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Suite 8000
Washington, DC 20026-3986
Laurel.Bedig@usdoj.gov

Mary Raivel, Esq.
Navy Litigation Office
Office of the General Counsel
720 Kennon Street SE
Washington Navy Yard
DC 20374-5013
mary.raivel@navy.mil

Michael P. Iannotti, Esq.
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
michael.ianotti@usdoj.gov

Matthew R. Oakes
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Heather E. Gange
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Colleen Cole
________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 03-599T** |
| **UNITED STATES OF AMERICA, ET AL.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF STATE OF RHODE ISLAND'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEFENDANTS' RULE(30)(b)(6) NOTICE OF DEPOSITION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff, State of Rhode Island, hereby respectfully submits this memorandum in support of Plaintiff's motion for protective order and to quash Defendants' Rule 30(b)(6) Notice of Deposition.

Plaintiff respectfully seeks this Court's protection from Defendants' Rule 30(b)(6) Notice on the following grounds: the notice violates the requirements of Rule 30(b)(6); the notice requires the disclosure of privileged or other protected matter; the notice is overly broad; and the notice would subject the State to undue burden. Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that "[a] party may in the party's notice and in a subpoena name as the deponent…a governmental agency and describe with reasonable particularity the matters on which examination is requested." The Defendants' Rule 30(b)(6) Notice, attached hereto as Exhibit A, is seven pages in length. The rule requires reasonable particularity in describing the matters for examination. By contrast, the Defendants identify as the subject matter of the

deposition all "facts supporting...the United States' liability for natural resource damages...at the Site." See A.1., B.1., and C.1. of the Notice. In doing so, the Defendants have not stated a topic with any particularity whatsoever. Plaintiff cannot be made to respond to such an improper 30(b)(6) notice.

Further, the rule requires that the notice be directed to the particular agency whose designee the party is seeking. Thus, Defendants could properly have noticed the deposition of the Rhode Island Department of Health, or the Rhode Island Department of Environmental Management, or the CRMC. But that is not what they did; rather, the notice is not served on any particular agency, as required by the rule, but rather on the entire State of Rhode Island. This notice is improper, because it constitutes potentially several depositions of several designees from several different agencies, not just the designees from one agency. While this may seem a minor point, in a case involving well over 118 individuals with knowledge named by the United States alone in its discovery responses, and with a ten-deposition limit under the rules, such a difference has meaning for the Plaintiff. Moreover, where certain subject matters have designees both in the Health Department and in DEM, the State has no way of knowing which designees are sought by the notice. The parties have agreed to 15 depositions; Defendants should have to provide notice on each agency for whom it seeks a 30(b)(6) deposition.

Finally, the Rule 30(b)(6) notice was previously served on Plaintiff. In compromise of the dispute that arose over the scope of the notice, Plaintiff agreed to make Arthur Ganz, Richard Gottlieb, Joseph Migliore, Mark Gibson and Robert Vanderslice available for deposition. Defendants proceeded to conduct seven-hour depositions of four of the designated witnesses: Arthur Ganz, Richard Gottlieb, Joseph Migliore, and Robert Vanderslice. Plaintiff therefore seeks protection under Rule 30(a)(2)(B), for each of the persons to be examined, Arthur

Ganz, Richard Gottlieb, Joseph Migliore, and Robert Vanderslice, "already has deposed in this case." See Fed.R.Civ.P. 30(a)(2)(B).

WHEREFORE, Plaintiff respectfully seeks an Order of protection and quashing Defendants' Rule 30(b)(6) Notice of Deposition.

FOR THE STATE OF RHODE ISLAND

PATRICK C. LYNCH
ATTORNEY GENERAL

By: [signature]

TRICIA K. JEDELE (#5958)
ANNE TURILLI (#5502)
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, ext. 2400
Fax: (401) 222-3016

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the within document was mailed, regular mail, postage prepaid on this 27th day of September, 2005 to:

Laurel A. Bedig, Esq.
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Suite 8000
Washington, DC 20026-3986

Mary Raivel, Esq.
Navy Litigation Office
Office of the General Counsel
720 Kennon Street SE
Washington Navy Yard
DC 20374-5013

Michael P. Iannotti, Esq.
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Matthew R. Oakes
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Heather E. Gange
Environmental Defense Section
Environment & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

Colleen Cole

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, Plaintiff, v. UNITED STATES OF AMERICA, the UNITED STATES DEPARTMENT OF NAVY, DONALD RUMSFELD, in his capacity as the SECRETARY OF DEFENSE, and GEORGE ENGLAND, in his capacity as SECRETARY of the UNITED STATES DEPARTMENT OF THE NAVY, Defendants. | C.A. No. 03-599T |

**NOTICE OF DEPOSITION OF THE STATE OF RHODE ISLAND UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) AMENDED AS TO DATE**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendant, the United States of America ("United States"), will take the deposition upon oral examination of Plaintiff, the State of Rhode Island (the "State"), by a person or persons designated by the State as having the most knowledge of the examination matters listed below.

The United States will take the deposition upon oral examination of the designated individual or individuals on September 29, 2005, at 9:30 a.m. at the United States Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903, before an official United States Court Reporter or before some other person authorized by law to take

depositions. This deposition will continue from day to day thereafter until completed, Sundays and holidays excepted, or as otherwise agreed by counsel for the parties.

**Definitions**

The Definitions set forth in the United States First Set of Interrogatories and Requests for Production of Documents are incorporated herein by reference. Additional terms are defined as follows:

"Parcel 10" means that parcel of land containing 21.8 acres more or less as described in the Quitclaim Deed transferring the property from the United States to the Town of North Kingstown on June 8, 2004, and as recorded at the Office of Town Clerk, Town of North Kingstown, RI.

"Site 09," a/k/a "Allen Harbor Landfill" and/or "the Site," is the approximately 15 acre tract of land, formerly used by NCBC Davisville as a landfill, found on Parcel 10.

Unless otherwise specified, terms used herein shall have the meaning ascribed to them under CERCLA, 42 U.S.C. §§ 9601-75, and Department of the Interior Regulations for Natural Resource Damages, 43 C.F.R., part 11.

**Instructions**

As required by Rule 30(b)(6), in response to this deposition notice, you have a duty to designate one or more persons employed by the State of Rhode Island to testify on behalf of the State as

the person most knowledgeable about the following subject matters. If the State believes that any of the subject matters set forth below require clarification before a person can be designated, please contact counsel for the United States. For purposes of designating persons for these depositions, the State of Rhode Island includes, but is not limited to, the following: Rhode Island Department of Environmental Management ("RIDEM"), Rhode Island Department of Health ("RIDOH"), Rhode Island Department of Administration, Coastal Resources Management Council ("CRMC"), and any other agency, department or organization of the State of Rhode Island.

**Subjects Matters for Examination**

**A. Alleged Natural Resource Injury to Wetlands**
Including but not limited to:

1. The facts supporting your contentions regarding the United States' liability for natural resource damages to wetlands at the Site.
2. The facts supporting your allegation that a "pathway" exists through which wetlands have been exposed to one or more hazardous substances.
3. The facts supporting the State's claim that a release of hazardous substances resulted in "injury" to the wetlands.
4. "Baseline" condition and "committed use" of the wetlands.
5. The State's understanding of the number of wetlands acres lost, the time of the loss, and how the loss occurred.
6. Estimate of damages and method used to calculate damages.

**B. Alleged Natural Resource Injury to Groundwater**
Including but not limited to:

1. The facts supporting your contentions regarding the United States' liability for natural resource damages to groundwater at the Site.
2. The facts supporting the State's claim that a release of hazardous substances resulted in "injury" to groundwater at the Site.
3. The facts supporting your allegation that a "pathway" exists through which groundwater has been exposed to one or more hazardous substances.
4. "Baseline" condition and "committed use" of the groundwater.
5. Estimate of damages and method used to calculate damages.
6. Standards and practices applicable to and likelihood of the placement of public drinking water wellfields and/or private domestic drinking water wells at the Site if use of groundwater were not prohibited and/or if the groundwater was not contaminated.
7. Standards and practices applicable to municipal well placement in the State of Rhode Island.
8. Any potential uses of groundwater at the Site if groundwater not contaminated.
9. The State's understanding of how groundwater at the Site would have been used if use not prohibited and/or if groundwater not contaminated.

**C. Alleged Natural Resource Injury to Shellfish**
Including but not limited to

1. The facts supporting your contentions regarding the United States' liability for natural resource damages to shellfish at the Site.
2. The facts supporting your claim that the shellfish at the Site have been "injured," including the physical and temporal extent of any injury.
3. The facts supporting your allegation that a "pathway" exists through which shellfish have been exposed to one or more hazardous

substances.

4. "Baseline" condition and "committed use" of the shellfish.
5. Estimate of damages and method used to calculate damages.
6. Standards and practices applicable to and basis for closures of Rhode Island waters to shellfishing including, but not limited to, issuance of shellfish advisories.
7. Standards and criteria for re-opening waters previously closed to fishing and or/shellfishing and for withdrawing fishing and/or shellfishing advisories in Rhode Island.
8. Standards applicable to and basis for the closure of Allen Harbor to shellfishing in 1984 and the basis for its continued closure.
9. The facts supporting your allegation that harbors adjacent to Superfund sites should be closed to shellfishing.
10. History of shellfish management in Rhode Island and current management standards and practices including, but not limited to, depuration and shellfish spawner sanctuaries.
11. All facts related to the consideration of and/or recommendation of the establishment of spawner sanctuaries for quahogs in Rhode Island, from 1977 to present, including but not limited to, Sakonnet River Sanctuary, Potowomut Sanctuary, High Banks Sanctuary and Frye's Cove Sanctuary.
12. All facts related to the annual transfers, transplants, and relays of quahogs into Greenwich Bay from other water bodies and all annual commercial and recreational harvest totals for quahogs taken from Greenwich Bay.
14. All facts related to quahog larval concentrations in Narragansett Bay, inclusive of its tributaries and adjoining water bodies.
15. All facts related to annual recreational harvest of quahogs and soft-shelled clams from Narragansett Bay, inclusive of its tributaries and adjoining waters.
16. The use of the Biomass Dynamic Model for the Allen Harbor litigation, including the model, all input data, assumptions, and computational equations and computer

algorithms used by the State to run that model for Allen Harbor.

17. Other than for the Allen Harbor litigation, all past and present uses of the Biomass Dynamic Model by Rhode Island to establish the potential sustainable yield of a clam fishery.
18. Rhode Island's efforts to compare actual yield to maximize sustainable yields for Rhode Island fisheries.
19. Rhode Island's efforts to compare actual yield to maximum sustainable yields for Rhode Island fisheries.
20. Identification of other methods used by the State to establish the potential sustainable yield of a clam fishery.
21. Shellfish surveys conducted in Allen Harbor.
22. Shellfish surveys conducted in Rhode Island waters.
23. Excel spreadsheets produced by the State in response to the United States' First Set of Interrogatories and Requests for Production of Documents.

**D. Public Benefit Conveyance of Parcel 10 to the Town of North Kingstown**

Including but not limited to

1. The facts supporting your contention that the public benefit conveyance of Parcel 10 does not eliminate or reduce potential natural resource damages associated with Allen Harbor Landfill.

**E. Other Topics**

1. All other administrative and/or judicial natural resource damage claims ever brought by the State, including but not limited to, claims related to shellfish.

Respectfully submitted,

Dated: September 18, 2005

LAUREL A. BEDIG, Trial Attorney
HEATHER E. GANGE, Trial Attorney
MATTHEW R. OAKES, Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
(202) 305-0331

ROBERT CLARK CORRENTE
United States Attorney
MICHAEL IANNOTTI
Assistant United States Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02902
(401) 528-5477

OF COUNSEL:

Mary Raivel
Navy Litigation Office
Office of the General Counsel
720 Kennon Street SE
Washington Navy Yard
DC 20374-5013

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September 2005, I caused a copy of the foregoing Notice of Deposition of the State of Rhode Island Under Federal Rule of Civil Procedure 30(b)(6) Amended as to Date to be served electronically via pdf attachment and by Federal Express, postage prepaid to the following:

Tricia K. Jedele
Special Assistant Attorney General
Rhode Island Department of the Attorney General
150 South Main Street
Providence, RI 02903

Anne Turilli
Special Assistant Attorney General
Rhode Island Department of the Attorney General
150 South Main Street
Providence, RI 02903

Heather E. Gange