**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, DONALD RUMSFELD, in his capacity as the Secretary of Defense, and GORDON ENGLAND, in his capacity as Secretary of the United States Department of the Navy,**

**Defendants.**

**C.A. No. 03-599T**

# CONSENT DECREE

# I. BACKGROUND

WHEREAS, Plaintiff, State of Rhode Island and Providence Plantations (the "State of Rhode Island" and/or the "State"), filed the Complaint in this matter against the United States of America, the United States Department of the Navy, the Secretary of the Navy and the Secretary of Defense (hereinafter, collectively, the "United States") pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9607(a) ("CERCLA"); the federal Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, et seq.; the federal and state Clean Water Acts, respectively, 33 U.S.C. § 1251, et seq., and R.I. Gen. Laws § 46-12-1, et seq.; and Rhode Island State common law.

WHEREAS, the State of Rhode Island instituted this action on behalf of the Director of the State of Rhode Island Department of Environmental Management (the "Trustee"), designated by the Governor of the State as the Trustee for the State for recovery under CERCLA and OPA for damages to natural resources, and the State is entering into this Consent Decree on behalf of the Trustee.

WHEREAS, the Complaint seeks recovery of natural resource damages (including assessment costs) in connection with alleged releases and threatened releases of hazardous substances at, on, or from Site 09 (as defined below) and recovery of all costs recoverable under law. This Consent Decree sets forth the terms of a civil settlement between the Plaintiff and the United States.

WHEREAS, by entry into this Consent Decree, the State of Rhode Island, the United States, and this Court find that this Consent Decree has been negotiated by the Parties in good faith and is entered into without the admission or adjudication of any issues of fact or law, that

settlement of this matter will avoid prolonged litigation between the Parties, and that this Consent Decree is fair, reasonable, consistent with CERCLA and in the public interest.

**NOW, THEREFORE,** with the consent of the Parties to this Consent Decree, it is hereby ORDERED, ADJUDGED, and DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b). The Court also has personal jurisdiction over the United States. Solely for purposes of entering and enforcing this Consent Decree, the United States waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. The State of Rhode Island and the United States consent to and shall not challenge the entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree applies to and is binding upon the State of Rhode Island and the United States.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or any appendix attached hereto, the following definitions shall apply:

a. "Assessment Costs" means all costs that the State has paid or may pay in the future in connection with the State's assessment of Natural Resource Damages.

b. "Allen Harbor Landfill" means the approximately 15 acres of land designated as Site 09 in the Federal Facility Agreement, and is bounded to the east by Allen Harbor; to the west by Sanford Road; and to the north and south by vegetated wetlands, as depicted on Appendix A attached hereto.

c. "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 et seq. as amended, by the Superfund Amendments and Reauthorization Act of 1986, Public Law 99-499 and any subsequent amendments.

d. "Day" means a calendar day.

e. "Effective Date" means the date on which this Consent Decree is entered as a final judgment by the United States District Court for the District of Rhode Island.

f. "EPA" means the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

g. "Federal Facility Agreement" means the Federal Facility Agreement entered into by the Navy, EPA and the State for the remediation of NCBC Davisville, pursuant to CERCLA Sec. 120 and dated March 23, 1992.

h. "Future Response Costs" are Response Costs incurred by the State after entry of this Consent Decree.

i. "Interest" means interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

j. "Natural Resource" or "Natural Resources" means land, resident and anadromous and catadromous fish and shellfish, resident and migratory wildlife, biota, air, water, ground water, sediments, wetlands, drinking water supplies, and other such resources, belonging to, managed

by, held in trust by, appertaining to, or otherwise controlled by the State of Rhode Island.

k. "Natural Resource Damages" means any damages recoverable by the State of Rhode Island on behalf of the public, for injury to, destruction of, or loss or impairment of Natural Resources resulting, in whole or in part, from a release of hazardous substances at, on, or from Site 09, including but not limited to past, present, and future: (i) costs of assessing such natural resource injury, destruction, or loss or impairment arising from or relating to such a release; (ii) costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) costs of planning such restoration activities; and (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources. "Natural Resource Damages" also includes each of the categories of recoverable damages described in 43 C.F.R. § 11.15 and applicable State law.

l. "NCBC Davisville" means the former Naval Construction Battalion Center ("NCBC") Davisville, which encompassed approximately 909 acres in North Kingstown, RI, and which was placed on the Environmental Protection Agency's National Priorities List on November 21, 1989.

m. "Paragraph" means a portion of this Consent Decree identified by an arabic numeral.

n. "Parties" means the United States and the State of Rhode Island.

o. "Past Response Costs" are Response Costs incurred by the State of Rhode Island prior to entry of this Consent Decree.

p. "Plaintiff" means the State of Rhode Island and Providence Plantations.

q. "Record of Decision" means the September 1997 decision document that presented the remedial action decision for "Site 09 - Allen Harbor Landfill" developed in accordance with CERCLA and in accordance with the National Oil and Hazardous Substances Pollution

Contingency Plan.

r. "Remedial Action" is defined in 42 U.S.C. § 9601(24).

s. "Removal Action" is defined in 42 U.S.C. § 9601(23).

t. "Response Action" means any Removal Action or Remedial Action.

u. "Response Cost" means a cost which is necessary to the performance of a Response Action associated with a release or threat of release of hazardous substances at, on, or from site 09. This phrase is limited to costs which are incurred in a manner not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

v. "Site 09" means that approximately 15-acre portion of NCBC Davisville that was designated as Site 09 in the Federal Facility Agreement, also known as the Allen Harbor Landfill.

y. "State" means the State of Rhode Island and Providence Plantations, including all of its departments, agencies, and instrumentalities.

x. "Subparagraph" means a portion of this Consent Decree identified by a lower case letter.

y. "Trustee" means the Director of the Rhode Island Department of Environmental Management.

z. "United States" means the United States of America, including all of its departments, agencies, and instrumentalities.

## V. STATEMENT OF PURPOSE

4. By entering this Consent Decree, the mutual objective of the Parties is for the United States to make one cash payment, pursuant to Section VI, to resolve its alleged liability for Natural Resource Damages, past, present and future at Site 09 as provided in the Covenant Not to Sue in Section VIII, and to resolve all other claims in the Complaint, subject to the Reservation

of Rights in Section IX.

## VI. PAYMENT BY THE UNITED STATES

5. As soon as reasonably practicable after the Effective Date of this Consent Decree, the United States shall pay $1,200,000.00 to the State of Rhode Island as provided herein.

6. Payment to the State of Rhode Island pursuant to paragraph 5 shall be in the form of an Electronic Funds Transfer, as follows:

| | |
|---|---|
| Account Name: | State of Rhode Island Emergency Response Fund |
| Bank: | Fleet Bank |
| Account #: | 108000671 |
| ABA Routing #: | 011500010 |
| Reference: | Site 09 Settlement |

7. Said payment by the United States is subject to the availability of funds appropriated for such purpose. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or any other provision of law.

8. If such payment is not made in full within 90 days of the Effective Date of this Agreement, then Interest on the unpaid balance shall be paid, and begin to accrue commencing on the 60th day after the Effective Date and continuing to accrue through the date of payment. Interest shall accrue at the same rate as is specified for interest on investments of the Hazardous Substances Superfund established under subchapter A of Chapter 98 of Title 26.

## VII. THE STATE'S OBLIGATIONS WITH RESPECT TO THE PAYMENT

9. Upon receipt, at least $990,000.00 of the $1,200,000.00 paid by the United States to the State of Rhode Island shall be placed by the State in a designated fund ("Fund"). The monies in

the Fund shall be used solely to restore, replace or protect natural resources equivalent to the resources that have allegedly been injured at Site 09 (the "Projects"). The monies in the Fund may not be borrowed or used for any other purposes other than in connection with the Projects. An amount not to exceed $210,000.00 is intended to reimburse the State for its Assessment Costs incurred at Site 09. Any unused portion of the $210,000.00 remaining after the State has reimbursed its Assessment Costs shall be deposited in the Fund for use in the Projects at the State's unreviewable discretion.

10. The State or its assigns will assume responsibility for long-term operation, maintenance, and monitoring of any Project that it undertakes using the monies from the Fund.

## VIII. COVENANT NOT TO SUE

11. The State covenants not to sue or take administrative action or further sue or prosecute the United States for Natural Resource Damages and/or Past Response Costs under: (a) CERCLA Section 107(a) or Section 113(f), 42 U.S.C.§ 9607(a), 9613(f); (b) the Clean Water Act, 33 U.S.C. § 1251 et seq.; (c) the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq.; (d) Rhode Island Gen. Laws § 46-12-1, et seq.; (e) Rhode Island common law; and (f) any other provision of statutory or common law.

## IX. RESERVATION OF RIGHTS

12 Except for Natural Resource Damages and Past Response Costs at or in connection with Site 09, the State of Rhode Island reserves all rights against the United States with respect to:

a. Liability for Future Response Costs at or in connection with Site 09;

b. Liability for past, present or future costs of Response Actions at or in connection with any other site at or in proximity to NCBC Davisville, North Kingstown, RI;

c. Liability for failure to comply with the Record of Decision as that document

pertains to Site 09, or with any other provision of CERCLA applicable to Site 09; and

d. Liability arising from past, present, or future disposal, release, threat of release of a hazardous substance by the United States, involving any other identified, or yet to be identified, site (other than Site 09) at or in proximity to the Naval Construction Battalion Center (NCBC), Quonset Point, North Kingstown, Rhode Island.

e. Liability for failure of the United States to meet a requirement of this Consent Decree.

The United States reserves any and all defenses it may have to the claims reserved in this Paragraph.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

13. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person or governmental entity not a party to this Consent Decree. The Parties expressly reserve any and all rights, defenses, claims, demands, and causes of action, which they may have with respect to any matter, transaction, or occurrence relating in any way to Site 09 against any person or governmental entity not a Party hereto.

14. The Parties agree, and by entering this Consent Decree this Court finds, that the United States is entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and any other applicable federal or state law, for "matters addressed" in this Consent Decree. "Matters addressed" in this Consent Decree are Natural Resource Damages and Past Response Costs.

## XI. MISCELLANEOUS

15. Except for Paragraph 11, nothing in this Consent Decree shall affect the Parties' rights and responsibilities as set forth in the Federal Facility Agreement under CERCLA Sec. 120 for

NCBC Davisville dated March 23, 1992.

## XII. EFFECTIVE DATE

16. This Consent Decree shall take effect only upon entry by the Court ("Effective Date"). If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, either Party may unilaterally withdraw from the Consent Decree and the Consent Decree shall be null and void and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XIII. RETENTION OF JURISDICTION

17. The Court shall retain jurisdiction to modify and/or enforce the terms and conditions of this Consent Decree and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree.

## XIV. INTEGRATION

18. This Consent Decree constitutes the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties expressly acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

19. The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion, except as expressly agreed to by all of the Parties.

## XV. SIGNATORIES

20. The undersigned representatives of the Parties each certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and

legally bind such Party to this document.

## XVI. FINAL JUDGMENT

21. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the State of Rhode Island and the United States. Each Party shall bear its own costs and fees.

IT IS SO ORDERED THIS 30th DAY OF August 2006

Ernest C. Torres
Honorable Ernest C. Torres
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *The State of Rhode Island v. The United States of America, et al.* C.A. No. 03-599T (D.R.I. 2003).

FOR THE STATE OF RHODE ISLAND

Date: 12/6/05

PATRICK C. LYNCH
Attorney General
150 South Main Street
Providence, RI 02903

TRICIA K. JEDELE
Special Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

W. MICHAEL SULLIVAN, Ph.D.
Director
RI Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908

GERALD F. MCAVOY
Executive Legal Counsel
RI Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908

FOR THE UNITED STATES OF AMERICA

Date: 12/20/05

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

Laurel A. Bedig
LAUREL A. BEDIG
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
(202) 305-0331

MICHAEL P. IANNOTTI
Assistant United States Attorney
District of Rhode Island

# APPENDIX A


SITE ACCESS
VIA NCBC-DAVISVILLE
SANFORD ROAD
CHAIN LINK FENCE
WETLANDS
SITE 09
"ALLEN HARBOR LANDFILL"
EARTH ROADS
ALLEN HARBOR
SHORELINE
TIDELAND
LEGEND
FENCE
UTILITY LINE(S)
VEGETATED WETLANDS
EA ENGINEERING, SCIENCE, AND TECHNOLOGY
AUGUST 1997
AS SHOWN
29600.46
FIG3
3
SITE 09 RECORD OF DECISION
SITE MAP OF SITE 09